IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JAY M. CARTER,

      Petitioner,

vs.

JOSE VAZQUEZ, Warden,

      Respondent.

CIVIL ACTION NO.: CV206-179

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Jay Carter ("Carter"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response. For the reasons which follow, Carter's petition should be **DENIED**.

## STATEMENT OF THE CASE

Carter asserts that he was sentenced in the Southern District of Alabama in April 1984 and was "delivered to federal custody" in September 1986. (Pet., p. 5.) Carter also asserts that the Bureau of Prisons ("BOP") incorrectly determined that his federal sentence did not begin until September 17, 1986, with a full-term expiration date of September 16, 2001. Carter alleges that he was released on parole in 1991 and was arrested in 1998 for violating the conditions of his parole. Carter contends that he was released again on parole in April 1999, and the United States Parole Commission issued a warrant against him in December 2000. Carter was arrested by federal authorities in January 2001 based on new charges and was sentenced to 84 months' imprisonment in August 2001. The

AO 72A
(Rev. 8/82)

Parole Commission's warrant was issued as a detainer against Carter on November 27, 2001. According to Carter, the BOP should have determined that his first federal sentence began on the date he was sentenced, with a full-term expiration date of April 26, 1999. Carter avers that, had the commencement date of his sentence been correctly determined, there would not be a parole detainer lodge against him.

Respondent contends that Carter has not exhausted his administrative remedies[1] as to his assertion that the BOP improperly calculated his sentence. Respondent also contends that Carter was in the custody of state authorities at the time he was sentenced in federal court in 1984. Respondent alleges that Carter's federal sentence did not commence until he entered federal custody in September 1986, and thus, the BOP correctly calculated his sentence. Accordingly, Respondent asserts, the parole violation detainer was properly lodged against Carter.

## DISCUSSION AND CITATION TO AUTHORITY

Carter was sentenced by an Alabama court to a fifteen (15) year term for a 1980 robbery in July 1983, and in December 1983, he was sentenced by another Alabama court to fifteen (15) years' imprisonment for a 1982 burglary. Carter was sentenced in the Southern District of Alabama on April 27, 1984, based on his commission of a federal offense on July 28, 1982; the United States Marshals Service placed a detainer with state officials in Alabama based on this federal sentence. The Alabama Department of

---

[1] Carter filed an institutional grievance (BP-9), as well as two (2) appeals pertaining to the denial of his institutional grievances (BP-10 and -11). Though Carter does not specifically allege that the BOP erred in calculating his sentence, a review of these documents indicates that he technically makes this contention. Thus, Carter has exhausted his administrative remedies.

2

Corrections released Carter to the custody of the United States Marshals' Service on September 17, 1986.

The sentence of a person convicted of a federal offense "shall commence to run from the date on which such person is *received* at the [federal] penitentiary, reformatory, or jail for service of such sentence." Thomas v. Whalen, 962 F.2d 358, 360 (4th Cir. 1992) (quoting 18 U.S.C. § 3568 (emphasis supplied)). Although section 3568 has been repealed, it is applicable to offenses committed before November 1, 1987. Id. at n.2. A federal sentence does not commence when a federal defendant is produced by a state for federal prosecution by means of a writ of habeas corpus ad prosequendum; state authorities retain primary jurisdiction over the defendant until the state releases the defendant on satisfaction of the state obligation. Del Guzzi v. United States, 980 F.2d 1269, 1271 (9th Cir. 1992). Under this scenario, federal authorities are merely borrowing the defendant, and he is in "temporary" custody of federal authorities. See United States v. Mauro, 436 U.S. 340, 348, 98 S. Ct. 1834, 1841, 56 L. Ed. 2d 329 (1978).

Carter's federal sentence did not commence until September 17, 1986, the date the state of Alabama relinquished custody of Carter to federal authorities. Carter was sentenced to fifteen (15) years' imprisonment in the Southern District of Alabama. The BOP calculated Carter's full-term expiration date to be September 16, 2001. (Resp't Ex. A.) The BOP's determinations of the date of commencement for Carter's federal sentence

AO 72A
(Rev. 8/82)

and full-tern expiration date were correct. Thus, the United States Parole Commission's detainer against Carter is proper.[2]

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Carter's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 28th day of November, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[2] Respondent asserts that Carter's federal sentence was to run consecutively to his state sentences. Respondent also asserts that Carter is not entitled to credit against his federal sentence for time served in state custody. Carter's only contention is that, if the BOP had correctly determined that his federal sentence commenced on the date he was sentenced in federal court, his full-term expiration date would have been April 26, 1999, and therefore, he could not have violated the conditions of his parole after this date.

4