IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JAY M. CARTER,

    Petitioner,

vs.                           CIVIL ACTION NO.: CV206-179

JOSE VAZQUEZ, Warden,

    Respondent.

## ORDER

After an independent review of the record, the Court concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. In his Objections, Carter contends he pleaded guilty to a charge he received in the state of Alabama because the Alabama state court agreed that his sentence in this case would run concurrently with his other state sentences and his federal sentence. Carter asserts the Alabama court amended its original order to reflect the sentence in Case Number CC84-70 was to run concurrently with the sentences he received in Case Numbers CC 80-1439, 84-69, and 82-575 and his federal sentence. Carter alleges the Bureau of Prisons erred by failing to credit against his federal sentence the time he was incarcerated in state prison. Carter also alleges the judge in the Alabama state court, in ordering all of Carter's sentences to run concurrently, intended for his period of actual incarceration to be reduced.

Carter overlooks the fact that his federal sentence did not commence until he was "received at the [federal] penitentiary, reformatory, or jail for service of such sentence." Thomas v. Whalen, 962 F.2d 358, 360 (4th Cir. 1992) (quoting 18 U.S.C. § 3568). A

AO 72A
(Rev. 8/82)

federal sentence does not commence when a federal defendant is produced by a state for federal prosecution by means of a writ of habeas corpus ad prosequendum; state authorities retain primary jurisdiction over the defendant until the state releases the defendant on satisfaction of the state obligation. <u>Del Guzzi v. United States</u>, 980 F.2d 1269, 1271 (9th Cir. 1992).

The Court recognizes that the Bureau of Prisons has the authority to designate a state prison as a place of federal confinement. See <u>Barden v. Keohane</u>, 921 F.2d 476, 483 (3d Cir. 1990). There is no evidence before the Court that the Bureau of Prisons elected to do so in this case, nor is there any evidence Carter has sought this requested relief. Accordingly, Carter's federal sentence commenced on September 17, 1986, the date the state of Alabama relinquished custody of him to federal authorities. The Bureau of Prisons' calculation as to Carter's full-term expiration date of September 16, 2001, is correct. Accordingly, the United States Parole Commission's detainer against Carter, which was placed in December 2000, was proper.

The Report and Recommendation of the Magistrate Judge, as supplemented herein, is adopted as the opinion of the Court. Carter's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, is **DISMISSED**. The Clerk of Court is hereby authorized and directed to enter the appropriate Judgment of Dismissal.

**SO ORDERED**, this 21st day of January, 2007.

JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA